# UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-6429**

UNITED STATES OF AMERICA,

Petitioner - Appellee,

v.

DANIEL WAYNE PARSONS,

Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:17-hc-02025-BR)

Submitted:  January 31, 2019                    Decided:  February 15, 2019

Before FLOYD, HARRIS, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

G. Alan DuBois, Federal Public Defender, Jaclyn L. DiLauro, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Robert J. Higdon, Jr., United States Attorney, Roberto F. Ramirez, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daniel Wayne Parsons appeals the district court's order civilly committing him as a "sexually dangerous person," pursuant to the Adam Walsh Child Protection and Safety Act of 2006 ("Act"), 18 U.S.C. §§ 4247-4248 (2012). Parsons raises three challenges to the district court's ruling. Finding no error, we affirm.

Parsons first claims that the district court erred in concluding that he meets the criteria for commitment as a sexually dangerous person under the Act. "[W]e review the district court's factual findings for clear error and its legal conclusions de novo." *United States v. Bolander*, 722 F.3d 199, 206 (4th Cir. 2013). We have thoroughly reviewed the record, and we conclude that the district court did not clearly err in finding that Parsons would have serious difficulty refraining from sexually violent conduct or child molestation if released from incarceration. *See United States v. Wooden*, 693 F.3d 440, 462 (4th Cir. 2012) (setting forth factors courts consider in making such determination); *see also Bolander*, 722 F.3d at 207 (stating that, when court's determination "is based on [its] decision to credit the testimony of one of two or more witnesses, each of whom has told a coherent and facially plausible story that is not contradicted by extrinsic evidence, that finding, if not internally inconsistent, can virtually never be clear error." (internal quotation marks omitted)).

Second, Parsons asserts that the district court violated his right to due process under the Fifth Amendment because it did not issue its opinion until 137 days after the hearing. Parsons also urges this court to impose a 30-day deadline upon district courts to issue decisions after a civil commitment hearing is conducted pursuant to the Act. We

2

"review a district court's decisions pertaining to the management of its own docket under an abuse of discretion standard," *Turner v. United States*, 736 F.3d 274, 283 (4th Cir. 2013), and will not overturn a district court's decision regarding the mechanics of the trial process "unless there is a clear abuse of discretion, or unless there is a real possibility the party was prejudiced." *Strag v. Bd. of Trustees*, 55 F.3d 943, 954 (4th Cir. 1995). The Supreme Court has noted that a district court's exercise of its inherent power must be a "reasonable response to the problems and needs confronting the court's fair administration of justice." *Dietz v. Bouldin*, 136 S. Ct. 1885, 1892 (2016) (internal citations and quotations omitted).

Here, the Act provides no time limitation for the district court to issue a decision after a hearing. Moreover "§ 4248 is a civil statute and thus is not subject to the various constitutional safeguards placed on criminal proceedings." *United States v. Timms*, 664 F.3d 436, 456 (4th Cir. 2012). We find that Parsons cannot show that his due process rights were violated by the district court's delay in issuing its decision and fails to provide any authority to support his assertion that a 30-day deadline should be imposed.

Finally, Parsons argues that the district court erred in denying his motion to dismiss the certificate against him because it was filed beyond the so-called "catch-all" statute of limitations provided in 28 U.S.C. § 1658(a) (2012) (providing a four-year statute of limitations for bringing certain claims in federal court). However, we have expressly rejected Parsons' argument. *See United States v. Searcy*, 880 F.3d 116 (4th Cir. 2018) (holding that § 1658(a) does not apply to civil commitment proceedings under the Adam Walsh Act).

3

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*